# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CARTER MESSER,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0927** (BOR Appeal No. 2054254)
             (Claim No. 2011041900)

**CHESAPEAKE APPALACHIA, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Carter Messer, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Chesapeake Appalachia, LLC, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for left ankle injections on May 21, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 29, 2019, Order. The Order was affirmed by the Board of Review on September 17, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Messer, a roustabout A, injured his left ankle on October 19, 2010, while walking to his truck at work. On April 12, 2013, the Office of Judges reversed a January 18, 2012, claims administrator's decision and authorized surgical repair of an osteochondral defect of the talus. The surgery was performed on May 21, 2013, by Kevin Brown, DPM. On February 13, 2014, Dr. Brown diagnosed osteochondritis dissecans and opined that Mr. Messer had full range of motion with no swelling concerns. On April 29, 2015, Dr. Brown administered an injection. On February 15, 2017, Mr. Messer underwent another injection by Dr. Brown. On November 8, 2017, he returned to Dr. Brown with foot/ankle complaints.

1

Paul Bachwitt, M.D., performed an independent medical evaluation on March 13, 2018, in which he found that Mr. Messer had reached maximum medical improvement and required no further treatment. He noted that it had been five years since the left ankle surgery. In a March 28, 2018, addendum to his report, Dr. Bachwitt opined that Mr. Messer's ongoing treatment was unrelated to the compensable injury.

Dr. Brown requested authorization for left ankle injections on May 17, 2018.[1] The claims administrator denied a request for left ankle injections on May 21, 2018. The Office of Judges affirmed the decision on April 29, 2019. It found that the record failed to show that the requested injections are medically related and reasonably necessary treatment for the compensable injury. The Office of Judges found that Mr. Messer's testimony that the treatment is necessary was not medical evidence and therefore, was not sufficient to establish the necessity of the ankle injections. The Office of Judges further noted that he was injured in 2010, underwent surgical treatment, and fully recovered. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 17, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The burden of proof is on the claimant, and Mr. Messer failed to show that the requested treatment is medically related and reasonably required for the compensable injury. Mr. Messer fully recovered from his compensable injury and there is no evidence that the injections, requested seven years after the compensable injury, are related to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman

---

[1] Dr. Brown's actual request for injections was not submitted.